**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert Earl Johnson,  )<br>             )<br>        Plaintiff,   )<br>             )<br>vs.           )<br>             )<br>Deputy Warden Clark,   )<br>             )<br>        Defendant.   )<br>_____) | No. CV-11-2287-PHX-SRB (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's "Motion for Service by Publication (Third Request)." (Doc. 27)

**I.    Background**

Plaintiff filed a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on November 22, 2011. (Doc. 1) In his Complaint, Plaintiff alleged three counts: 1) deprivation of property; 2) retaliation; and 3) unconstitutional disciplinary proceedings. He brought the action against three Defendants. On January 6, 2012, the Court ordered that only Defendant Clark must answer Count II (which the Court construed as a claim for threat to safety). (Doc. 5) The Court dismissed the other two Defendants and claims.

In the same Order, the Court set forth the service requirements for Plaintiff. Plaintiff was ordered to complete and return the service packets to the Clerk of Court within 21 days of the date of that Order. He was also warned that if he did not obtain either a waiver of service of the Summons or complete service of the Summons and Complaint on a Defendant

1  within 120 days of the filing of the Complaint or within 60 days of the filing of that Order,
2  whichever was later, the action could be dismissed as to any unserved Defendant, citing Rule
3  4(m), Fed.R.Civ.P and LRCiv 16.2(b)(2)(B)(i). The Court noted that if the United States
4  Marshal Service ("USMS") did not obtain a waiver of service within thirty days from the
5  date the request was sent to the Marshal Service, or, if the summons was returned as
6  undeliverable, the USMS must "(a) personally serve copies of the Summons, Complaint, and
7  this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
8  and (b) within 10 days after personal service is effected, file the return of service for
9  Defendant, along with evidence of the attempt to secure a waiver of service of the summons
10 and of the costs subsequently incurred in effecting service upon Defendant." (Doc. 5 at p.
11 12)

12  The most recent attempt at service was on July 23, 2012, in which the USMS
13 attempted to serve Defendant Clark by waiver of service via certified mail at a sealed
14 address. The Summons was returned unexecuted as not "Attempted- Not Known." (Doc. 29)
15 Prior to the Summons being returned unexecuted, Plaintiff requested that he be allowed to
16 serve by publication. (Doc. 27)  Plaintiff had previously requested twice to serve by
17 publication, but both requests were denied. (Docs. 21 and 24) This is his third request.

18  The Court will order the USMS to personally serve Defendant Clark at the last known
19 address of the Defendant submitted to the Court under seal.  If the USMS is unable to
20 effectuate personal service on Defendant Clark, and upon the filing of the unexecuted return,
21 Plaintiff may proceed with service by publication subject to the following rules set forth
22 below.

23 **II.   Service by Publication**

24  "Proper, effective service on a defendant is a prerequisite to a court's exercising
25 personal jurisdiction over a defendant." *Barlage v. Valentine*, 210 Ariz. 270, 272, 110 P.3d
26 371 (Ariz. Ct. App. 2005).  Federal Rule of Civil Procedure 4(e)(1) provides, in relevant
27 part, that "[u]nless federal law provides otherwise, an individual. . . may be served in a
28 judicial district of the United States by: (1) following state law for serving a summons in an

- 2 -

1  action brought in courts of general jurisdiction in the state where the district court is located
2  or where service is made. . . ."  Arizona Rule of Civil Procedure 4.1(n) provides that
3  "[w]here the person to be served is one whose residence is unknown to the party seeking
4  service but whose last known residence was within the state, or has avoided service of
5  process, and service by publication is the best means practicable under the circumstances for
6  providing notice of the institution of the action, then service may be made by publication in
7  accordance with the requirements of this subpart."

Once service by publication is completed, in compliance with Arizona Rule of Civil Procedure 4.1.(n), and Plaintiff files (1) "an affidavit showing the manner and dates of the publication and mailing, and the circumstances warranting [service by publication]" and (2) "[a] printed copy of the publication," such affidavit shall serve as *prima facie* evidence of compliance.  Ariz.R.Civ.P. 4.1(n). "[S]ervice by publication is . . . sufficient when a plaintiff has exercised due diligence to personally serve a resident defendant at a last known address within the state and has complied with the publication procedures of Rule 4.1(n)." *Master Fin., Inc. v. Woodburn,* 208 Ariz. 70, 73-74, 90 P.3d 1236, 1239-40 (Ariz. Ct. App. 2004). The accompanying affidavit "must provide 'facts indicating [the party] made a due diligent effort to locate an opposing party to effect personal service.'" *Sprang v. Petersen Lumber, Inc.,* 165 Ariz. 257, 261, 798 P.2d 395, 399 (Ariz. Ct. App. 1990) (citation omitted).  Failure to indicate due diligence in the affidavit makes the judgment void for lack of jurisdiction. *Id.*

### III.  Conclusion

Plaintiff will be provided an additional ninety (90) days to serve Defendant Clark in compliance with this Order. If Plaintiff does not timely comply with this Order, in complete compliance with the above rules, the Court will enter an Order to Show Cause why this action should not be dismissed for failure to timely serve.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Service by Publication (Third Request),

- 3 -

doc. 27, is **DENIED** without prejudice**.** Plaintiff shall have an additional ninety (90) days in which to fully comply with this Order or risk having the case dismissed for failure to serve.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall personally serve Defendant Clark at the last known address provided under seal. Within ten (10) days after personal service is effected, the United States Marshal Service must file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.

**IT IS FURTHER ORDERED** that the United States Marshal Service must provide Plaintiff with a copy of the unexecuted return.

**IT IS FURTHER ORDERED** that all future pleadings and papers submitted for filing shall bear the above set forth modified caption.

Dated this 27th day of July, 2012.

Lawrence O. Anderson
United States Magistrate Judge