**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Earl Johnson, | No. CV-11-2287-PHX-SRB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Deputy Warden Clark, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Direct Payment by the United States [for] the Expense(s) [of] Service by Publication. (Doc. 32)

**I. Background**

Plaintiff, proceeding *pro se*, filed his Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on November 22, 2011. (Doc. 1) In his Complaint, Plaintiff alleged three counts for deprivation of property, retaliation and unconstitutional disciplinary proceedings. He sued three Defendants. On January 6, 2012, the Court ordered that only Defendant Clark must answer Count II (which the Court construed as a claim for threat to safety). (Doc. 5) The Court further ordered dismissal of the other two Defendants and claims. (*Id.*)

On January 6, 2012, the Court granted Plaintiff *in forma pauperis* status and ordered that Defendant Clark answer Count II of the Complaint. (Doc.5) The Court further ordered that the Clerk send Plaintiff a service packet and request for waiver forms for Defendant Clark. (*Id.*) On January 26, 2012, the summons was returned as unexecuted as to Defendant

1 Clark. (Doc. 8)

2 Thereafter, Plaintiff filed a Motion on how to proceed on February 9, 2012. (Doc. 9)
3 On February 13, 2012, the Court construed Plaintiff's Motion as one for an extension of time
4 to complete service and discovery. (Doc. 10) The Court further construed the Motion as one
5 seeking to order the Arizona Department of Corrections to produce Defendant's address, and
6 alternatively, seeking leave to serve by publication. (*Id.* at 1-2) The Court noted that it was
7 Plaintiff's responsibility to provide the complete and correct address for the Defendant. *See,*
8 *e.g., Sweet v. Hernandez,* 2003 WL 21920921, at *8 (N.D. Cal. August 6, 2003) (holding
9 that plaintiff "must promptly and diligently try to find" defendant's correct address).  The
10 Court furthered ordered that Plaintiff be provided with five subpoenas duces tecum to assist
11 Plaintiff in obtaining Defendant Clark's address. The Court denied Plaintiff's request to
12 serve by publication. (*Id.* at 3)

13 On April 5, 2012, Plaintiff filed a Motion for Clarification and Verification of
14 Service. (Doc. 14) Plaintiff explained that he returned the subpoenas to the Clerk of Court
15 and subsequently received notification from a Deputy Clerk of Court that Defendant Clark
16 was served on March 9, 2012. (*Id.* at 2)  He sought clarification and verification of whether
17 service had actually been effectuated on Defendant Clark, the only defendant in the action.

18 On April 9, 2012, the Court granted Plaintiff's Motion for Clarification and explained
19 that the summons had been returned unexecuted and that Defendant Clark had not yet been
20 properly served. (Doc. 15) The Court, however, provided Plaintiff with additional time to
21 effectuate service on Defendant Clark.  Plaintiff was given until April 23, 2012 to effectuate
22 service on Defendant Clark. (*Id.* at 3) The Court warned Plaintiff that failure to properly
23 serve Defendant Clark by April 23, 2012, will likely result in dismissal of his action, without
24 prejudice, for failure to serve pursuant to Fed. R. Civ. P. 4(m).

25 Thereafter, Plaintiff filed a Motion for Service by Publication on April 16, 2012.
26 (Doc. 18) On April 25, 2012, the Court denied Plaintiff's Motion for Service by Publication,
27 but granted Plaintiff's Motion for another extension of 45 days, doc. 17, for Plaintiff to serve
28 Defendant Clark. (Doc. 21) Plaintiff filed another request to serve by publication on May 31,

- 2 -

1  2012, doc.23, which the Court again denied without prejudice on June 5, 2012. (Doc. 24)

2  On July 3, 2012, Plaintiff filed what he entitled his third request for service by
3  publication.[1] Again, the Court denied his request without prejudice, but provided Plaintiff
4  with an additional ninety (90) days in which to serve Defendant Clark. (Doc. 30) The Court
5  ordered the United States Marshal Service ("USMS") to personally serve Defendant Clark
6  at the last known address submitted to the Court under seal. (*Id.* at 2) The Court further
7  ordered that if the USMS was unable to effectuate proper service on Defendant Clark, and
8  upon the filing of unexecuted return, Plaintiff may proceed with service by publication. (*Id.*)

**II. Discussion**

Just over a week after the Court's July 30, 2012 Order discussed directly above, Plaintiff filed a Motion to Direct Payment by the United States of the Expense(s) for Service by Publication, doc. 32, seeking an order directing the United States to pay the costs of service by publication. The Court's docket indicates that the service packet issued to Plaintiff on July 30, 2012, was returned as incomplete and was reissued August 8, 2012. Plaintiff's Motion is, at best, premature and will be denied as such. Plaintiff is directed to the Court's Order filed on July 30, 2012, for further direction.

Plaintiff is informed "[t]here is no provision in the *in forma pauperis* statute which provides for the court, the United States Marshal Service, or the [Arizona] Attorney General to pay for the costs associated with service by publication." *Zaritsky v. Crawford*, 2008 WL 2705488, at *2 (D. Nev. July 09, 2008) (citing, *inter alia*, 28 U.S.C. § 1915). Moreover, the "Federal Rules of Civil Procedure do not expressly provide for service of process by publication." *Reeder v. Knapik*, 2007 WL 3333354, at *1 (S.D. Cal. Nov. 7, 2007).

Plaintiff has sought or has been granted three extensions of time in which to effectuate service of process. (Docs. 30) Plaintiff has previously been forewarned that "[f]ailure to serve Defendant Clark by April 20, 2012 will likely result in dismissal of this action, without

---

[1] Although the Court construed Plaintiff's motion on how to proceed, doc. 9, as an alternative request for service by publication, the Court will liberally construe Plaintiff's filings and consider this as his third formal request.

- 3 -

1  prejudice, for failure to serve pursuant to Fed.R.Civ.P. 4(m)." (Doc. 15) Nevertheless, on
2  July 30, 2012, Plaintiff was provided an additional ninety (90) days in which to serve
3  Defendant Clark, *i.e.*, until October 29, 2012. (Doc. 30) Plaintiff is hereby forewarned that
4  no further extensions of time will be granted to serve Defendant Clark.  Failure to properly
5  serve Defendant Clark on or before October 29, 2012 will result in dismissal without
6  prejudice of this lawsuit.

7  District courts have broad discretion to extend time for service under Rule 4(m) but
8  "no court has ruled that the discretion is limitless." *Efaw v. Williams*, 473 F.3d 1038 (9th Cir.
9  2007); *see also Brown v. Schrum*, 431 Fed.Appx. 536, 538 (9th Cir. 2011) ("The district
10 court did not abuse its discretion in dismissing without prejudice the unserved defendants,
11 where [prisoner's] motion for an extension of scheduling deadlines was untimely, and he
12 was given notice regarding his responsibilities to serve each named defendant.") (citing
13 *Townsel v. Cnty. of Contra Costa, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (setting forth
14 standard of review and good cause exception for untimely service).

15 Accordingly,

16 **IT IS ORDERED** that Plaintiff's Motion to Direct Payment by the United States of
17 the Expenses for Service by Publication, doc. 32, is **DENIED** without prejudice.

18 Dated this 24th day of September, 2012.

Lawrence O. Anderson
United States Magistrate Judge

- 4 -