**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Earl Johnson, ) | No. CV-2011-2287-PHX-SRB (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Deputy Warden Clark, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiff's Motion for Summary Judgment, or in the alternative, Request for Service by Publication, doc. 31, and Plaintiff's Motion for Appointment of Counsel, doc. 35.

**I. Background**

Plaintiff filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on November 22, 2011. (Doc. 1) On January 6, 2012, the Court mandatorily screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(A)(a). The Court ordered Defendant Clark to answer Count II (an Eighth Amendment claim for threat to safety) of the Complaint and dismissed the remaining claims and Defendants without prejudice. (Doc. 5 at pg. 1)

Plaintiff filed a Motion for the Appointment of Counsel on April 16, 2012. (Doc. 16) The Court denied Plaintiff's request for counsel without prejudice on April 18, 2012, because Plaintiff had not demonstrated the likelihood of success on the merits nor had he shown that he was experiencing difficulty in litigating his case based on the complexity of

1 the issues involved. (Doc. 20 at 1)

2 Thereafter, on August 1, 2012, Plaintiff filed a Motion for Summary Judgment or in
3 the alternative, a Request for Service by Publication. (Doc. 31) Although Plaintiff asks the
4 Court to grant the relief of a summary judgment, Plaintiff's entire motion addresses his
5 concerns with service of process. Plaintiff further filed a Motion for Appointment of
6 Counsel on September 26, 2012, again alleging issues related to service of process. (Doc.
7 35)

**II. Discussion**

9 At the outset, the Court finds that it will construe Plaintiff's alternative Motion for
10 Summary Judgment/Request for Service by Publication, doc. 31, as one solely for a Request
11 for Service by Publication. Although Plaintiff titles the Motion as one for Summary
12 Judgment, and references Rule 56, Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the
13 Motion is not in compliance with either Federal Rule 56, nor is it in compliance with the
14 Local Rule of Civil Procedure ("LRCiv") 56.1. At a minimum, the Motion completely lacks
15 a Separate Statement of Facts required by both Fed. R. Civ. P. 56(c) and LRCiv 56.1(a). In
16 addition, other than his recitation of his issues with effectuating service, Plaintiff has
17 provided no grounds on which he would be entitled to summary judgment on his underlying
18 claim.

19 Construing the Motion as one for Service by Publication, the Court will deny
20 Plaintiff's request. The Motion is premature. On July 30, 2012, the Court denied Plaintiff's
21 Third Request for Service by Publication without prejudice. (Doc. 30) However, the Court
22 provided Plaintiff an additional ninety (90) days from July 30, 2012 in which to serve
23 Defendant Clark. That time has not yet expired. The Court ordered the United States
24 Marshal Service ("USMS") to personally serve Defendant Clark. The Court further ordered
25 that if the USMS was unable to effectuate service, that Plaintiff would be permitted to
26 proceed to serve by publication in accordance with specifics set forth in the Order. (Doc.
27 30, at 2-3) While it is understandable that Plaintiff had not yet received the Court's July 30,
28 2012 Order when he filed his August 1, 2012 Motion, he has not shown to date that he has

1  followed the necessary steps enunciated in the July 30, 2012 Order.

2  Plaintiff's Motion for Appointment of Counsel, doc. 35, will similarly be denied. 3 Plaintiff alleges that he is unable to afford counsel and that his imprisonment "greatly limits 4 his ability to adequately and efficiently litigate." (Doc. 35 at 1-2) Plaintiff's main concern 5 is effectuating service and his belief that Defendant is avoiding service. However, the Court 6 has taken numerous steps to assist Plaintiff in effectuating service. Ultimately, it is Plaintiff's 7 responsibility to provide the proper address for the Defendant in order to effectuate service. 8 *Toscana v. Cambra*, 2003 WL 21432919, at *1 (N.D. Cal. June 10, 2003).

9  Moreover, there is no constitutional right to appointment of counsel in a civil case. 10 *Johnson v. U.S. Dep't. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of 11 counsel in a civil rights case is required only when exceptional circumstances are present. 12 *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 13 F.2d 1328, 1331 (9th Cir.1986)). In determining whether to appoint counsel, the court 14 should consider the likelihood of success on the merits, and the ability of plaintiff to 15 articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 16 1335 (9th Cir. 1990). Plaintiff has not demonstrated a likelihood of success on the merits, 17 nor has he shown that he is experiencing difficulty in litigating this case because of the 18 complexity of the issues involved. Rather, his sole claim is that he believes Defendant is 19 avoiding service of process. However, despite the Court's attempt at helping Plaintiff, 20 Plaintiff has not provided the court with the proper address of the Defendant to be served. 21 The Court will deny Plaintiff's motion to appoint counsel because no exceptional 22 circumstances exist in this case. The Court may revisit this issue, if appropriate, at a later 23 date.

24  Accordingly,

25  **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment, or in the 26 alternative, Request for Service by Publication, doc. 31, is construed as a Motion for 27 Service by Publication and is **DENIED** as such without prejudice.

28  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of

1 | Counsel, doc. 35, is **DENIED** without prejudice.

Dated this 2nd day of October, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -