**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert Earl Johnson, ) | No. CV-11-2287-PHX-SRB (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Deputy Warden Clark, ) |  |
| Defendant. ) |  |

This matter is before the Court on Plaintiff's Motion to Name the Arizona Attorney General's Office as Counsel for Defendant or to allow Service upon the Arizona Department of Corrections, doc. 37, and Plaintiff's Motion/Request for Alternate or Substitute Service to Defendant's Last Known Employment Address, doc. 38.

**I. Background**

Plaintiff filed a Prisoner Civil Rights Complaint *pro se* on November 22, 2011. (Doc. 1) After mandatory screening pursuant to 28 U.S.C. § 1915A(a), the Court granted Plaintiff *in forma pauperis* status and ordered that Plaintiff's Eighth Amendment claim against Defendant Clark was sufficient to state a claim for relief. (Doc. 5 at 1, 10) The Court ordered that Defendant Clark file an answer with respect to Count II. The remaining Counts and Defendants were dismissed. (*Id.*)

On February 9, 2012, Plaintiff filed a Motion on How to Proceed. (Doc. 9) Plaintiff sought assistance in serving Defendant Clark. (*Id.*) The Court granted Plaintiff's Motion and

1  ordered that he be supplied with five blank subpoenas duces tecum. (Doc. 10) The
2  Attorney's General Office filed a Notice with the Court of filing Defendant Clark's last
3  known address under seal on March 7, 2012. (Doc. 11) A sealed summons was returned
4  unexecuted as to Defendant Clark on March 20, 2012. (Doc. 13) Thereafter, upon Plaintiff's
5  Motion for Clarification, doc. 14, the Court granted Plaintiff an extension of time in which
6  to effectuate service. (Doc. 15) After a series of motions filed by Plaintiff, the Court ordered
7  the Arizona Attorney's General Office to supplement its prior notice with the last known
8  address of Defendant Clark. (Doc. 21) On June 14, 2012, the Attorney's General Office did
9  so. (Doc. 25) Again, the sealed summons was returned unexecuted as to Defendant Clark.
10 (Doc. 29)

11  In response to additional motions filed by Plaintiff regarding service, the Court issued
12 an Order providing Plaintiff with a ninety-day extension in which to effectuate service in
13 compliance with the Court's Order. (Doc. 30) The summons was again returned unexecuted
14 as to Defendant Clark on September 17, 2012. (Doc. 33) On October 2, 2012, again in
15 response to multiple motions filed by Plaintiff, the Court denied Plaintiff's Third Request
16 for Service by Publication, without prejudice as premature, doc. 30, and Plaintiff's Motion
17 for Appointment of Counsel, doc. 35. (Doc. 36)

18  On October 17, 2012, Plaintiff again filed additional motions regarding service. In
19 docket number 37, Plaintiff requests that he be allowed to name the Arizona Attorney's
20 General Office as Counsel for Defendant or, in the alternative, to allow Plaintiff to serve the
21 Arizona Department of Corrections. This is an inappropriate request to ask of the Court.
22 The Court cannot order that a specific counsel be named to represent a defendant.
23 Additionally, if Plaintiff seeks to add the Arizona Department of Corrections as a defendant,
24 he must file an amended complaint in compliance with Federal Rules of Civil Procedure 15
25 and with the Local Rules of Civil Procedure. Therefore, docket number 37 will be denied.

26  In docket number 38, Plaintiff filed a Request for Alternate or Substitute Service to
27 Defendant's Last Known Employment Address. The Plaintiff has provided this address to
28 the Court. Therefore, the Court will grant Plaintiff's request and will direct the United States

Marshal Service ("USMS") to serve Defendant at the address provided in docket number 38. However, this Order does not relieve the USMS from personally serving the Defendant. It is insufficient service if only Defendant's alleged employer is served.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Name Arizona Attorney General's Office as Counsel for Defendant or to allow Service upon the Arizona Department of Corrections, doc. 37, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Request for Alternate or Substitute Service to Defendant's Last Known Employment Address, doc. 38, is **GRANTED.**

**IT IS FURTHER ORDERED** that:

(1) The Clerk of Court shall send Plaintiff a service packet including the Complaint, doc. 1, this Order and both summons and request for waiver forms for Defendant Clark.

(2) Plaintiff must complete[1] and return the service packet to the Clerk of Court within twenty (20) days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to the Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(4) The United States Marshal shall retain a copy of the Summons, a copy of the Amended Complaint, and a copy of this Order.

(5) The United States Marshal must notify Defendant Clark of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

---

[1] If Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the office or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Fed.R.Civ.P. 4(d);

    (b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipts and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

    (6) If the Defendant agrees to waive service of the Summons and Amended Complaint, he must return the signed waiver forms to the United States Marshal, not Plaintiff.

    (7) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

    Dated this 13th day of November, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge