**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Earl Johnson, | No. CV-11-2287-PHX-SRB (LOA) |
| Plaintiff, | **ORDER AND** |
| vs. | **ORDER TO SHOW CAUSE** |
| Deputy Warden Mary Clark, | |
| Defendant. | |

This matter arises on Plaintiff's Motion for Sanctions, filed on January 31, 2013; Plaintiff's Request for Leave to Amend Pleading to Add a Defendant, filed on January 31, 2013; and Plaintiff's Application for Entry of Default, filed on February 6, 2013. (Docs. 42, 44-45)  For the reasons set forth below, the Court denies all three motions and orders Plaintiff to show cause in writing why this lawsuit should not be dismissed for failure to serve Defendant Clark pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 4(m).

**I. Background**

*Pro se* Plaintiff filed a Civil Rights Complaint by a Prisoner on November 22, 2011. (Doc. 1) After mandatory screening pursuant to 28 U.S.C. § 1915A(a), on January 6, 2012, the Court granted Plaintiff *in forma pauperis* status and determined that Plaintiff's Eighth Amendment claim against Defendant Deputy Warden Mary Clark may proceed. (Docs. 5 at 1, 10) While Plaintiff designated Count II as a claim for retaliation, the Court concluded that

1    Count II was more appropriately characterized as a claim for threat to safety.[1] (*Id.* at 10) The

2    Court concluded Plaintiff alleged sufficient facts to support a plausible claim there was a

3    substantial risk of harm if he returned to his former unit, Defendant Clark knew of such risk,

4    and she acted with deliberate indifference by nevertheless ordering him to return to his

5    former unit. The Court ordered Defendant Clark file an answer to Count II only. (*Id.*) The

6    remaining counts and Defendants were dismissed. (*Id.*)

7         After the passage of more than thirteen months from entry of the Court's screening

8    order, Plaintiff still has not served Deputy Warden Mary Clark with process. A fifth attempt

9    at effecting service was returned unexecuted on January 22, 2013, because "Deputy Warden

10   Mary Clark is no longer employed with the [Arizona] Department of Corrections."

11   ("ADOC"). (Doc. 43 at 3)  Summons have been returned unexecuted on January 26, 2012,

12   March 20, 2012, July 24, 2012, September 17, 2012, and then, the most recent return

13   mentioned above, on January 22, 2013.  (Docs. 8, 13, 29, 33 and 43) The Court has ordered

14   the Arizona Attorney General's Office ("AAGO") to provide the last known address of

15   Defendant Clark under seal. (Docs. 10,  21 and 24)  The AAGO has complied with the

16   Court's order. (Docs. 11, 26)  On February 13, 2012, the Court ordered the Clerk of Court

17   to provide Plaintiff with five subpoenas in blank in order that Plaintiff may discover

18   Defendant Clark's address. (Doc. 10) Additionally, the Court granted Plaintiff multiple

19   extensions of time in which to serve Defendant Clark.

20        Without any evidence to support his contention, Plaintiff now seeks sanctions against

21   the ADOC and the AAGO because he speculates Defendant Clark is avoiding service of

22   process and the two non-party entities, ADOC and AAGO, are intentionally providing

23   "bogus" addresses "for the purpose of assisting Defendant Clark to avoid service." (Doc. 42

24   at 4)

25   _____

26        [1] In footnote 2 of its screening order, the Court indicated that "[a]lthough Plaintiff
     characterizes Clark's actions as retaliation, a more plausible explanation is that Clark
27   increased Plaintiff's custody score based on the accumulation of disciplinary infractions.
     Thus, the underlying issue is whether Clark acted with deliberate indifference to Plaintiff's
28   safety by ordering him to return to his former unit." (Doc. 5 at 10 n. 2)

## II. Service of Process

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). To determine whether service of process was proper, courts look to the requirements of Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 4. Rule 4 contains detailed provisions on the manner in which service should occur. A plaintiff may also utilize the service of process rules that apply in the state in which the federal district court is located or, if service is effected in another state, the rules of that state. Rule 4(e)(1), Fed.R.Civ.P. Therefore, service of process will be upheld if it conforms to either the federal or Arizona's service of process rules. A plaintiff, however, must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint or any court extensions upon a showing of good cause. Rule 4(m), Fed.R.Civ.P.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994). Good cause only exists in rare circumstances. *See generally Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) (strategic reasons do not constitute good cause); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (inadvertence or negligence does not constitute good cause). Ignorance of the existence of the 120-day rule does not constitute "good cause." *Townsel*, 820 F.2d at 320. The *Townsel* court expressly noted that the 120-day rule "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Id.*; *see also Bivins v. Ryan*, 2013 WL 321847 (D. Ariz. Jan. 28, 2013). "While district courts have broad discretion to extend time for service under Rule 4(m), 'no court has ruled that the discretion is limitless.'" *Reishaus v. Almaraz*, 2011 WL 1526936, at *3 (D. Ariz. April 21, 2011) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)).

The plaintiff bears the burden of showing good cause for not timely serving the defendant. *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *McCormack v. City and Cnty. of Honolulu*, 2011 WL 6934710, at *4 (D. Haw. Dec. 30, 2011) (citation omitted). Applying Rule 4(m) is a two-step process. First, if the plaintiff has established good cause for failing

to timely serve the defendant, the district court must extend the time period for service. *In re: Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Second, if good cause does not exist, the court may in its discretion dismiss the case without prejudice or extend the time period. *Sheehan*, 253 F.3d at 512.

### III. Defaults and Default Judgments

"Service of process is the *mechanism* by which the court [actually] acquires" the power to enforce a judgment against the defendant's person or property. *Robinson v. Heritage Elementary School*, 2009 WL 1578313, at *2 (D. Ariz. June 3, 2009) (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation and internal quotation marks omitted; emphasis in original). "In other words, service of process is the means by which a court asserts its jurisdiction over the person. *Id*. (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.") (citation and internal quotation marks omitted). "[S]ince service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been met."[2] *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, *2 (D. Ariz. June 22, 2006) (quoting *Combs v. Nick Garin Trucking*, 825 F .2d 437, 442 (D.C. Cir. 1987)).

Entry of default and default judgment are governed by Rule 55. Obtaining a default judgment, however, is a two-step process. *Sierra Nevada Corp. v. Digibee Mobile Ltd.*, 2012 WL 1298545, at *1 (D. Nev. April 13, 2012) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471

---

[2] "The sole exception to this principle exists when a defendant has waived insufficiency of service and thereby has voluntarily subjected himself to personal jurisdiction." *Combs*, 825 F .2d at 442 n. 42 (citations omitted).

1   (9th Cir. 1986)) ("Eitel apparently fails to understand the two-step process required by Rule
2   55.") (citation omitted). First, Rule 55(a) provides that "[w]hen a party against whom a
3   judgment for affirmative relief is sought has failed to plead or otherwise defend, and that
4   failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second,
5   after a clerk enters default, a party must seek entry of default judgment under Rule 55(b).
6   Default is not freely granted, however, as a case should, whenever possible, be decided on
7   the merits. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *see also*
8   *Mattivi Bros. Leasing Inc. v. Ecopath Indus. LLC*, 2011 WL 2784609, at *3 (D. Ariz. July 14,
9   2011) (citing *United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 n. 1 (9th
10  Cir. 2010) (noting that Rule 60(b) is applied less liberally than Rule 55(c) because in the Rule
11  55(c) context "there is no interest in the finality of the judgment with which to contend").

12  **IV. Amendments**

13          Federal Rule Civil Procedure 15(a) allows a party to amend a pleading at any time
14  with leave of the court, and directs that leave should be freely granted "when justice so
15  requires." Ninth Circuit case law strongly supports a liberal approach to allowing
16  amendments. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) ("[W]e have repeatedly
17  stressed that the court must remain guided by the underlying purpose of Rule 15 . . . to
18  facilitate decision on the merits, rather than on the pleadings or technicalities."). Fed.R.Civ.P.
19  15(a)(2). Rule 15(a), however, gives the district court discretion to deny leave to amend for
20  reasons such as: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility
21  of amendment, and (5) whether plaintiff has previously amended his complaint. *Foman v.*
22  *Davis*, 371 U.S. 178, 182 (1962); *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200,
23  204 (9th Cir. 1991). "Leave to amend need not be given if a complaint, as amended, is subject
24  to dismissal." *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 538 (9th Cir. 1989).
25  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."
26  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

27  **V. Rule 8, Federal Rules of Civil Procedure**

28          A complaint must contain "a short and plain statement of the claim showing that the

1    pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Each allegation must be simple, concise,
2    and direct." Fed.R.Civ.P. 8(d)(1). A claim must be stated clearly enough to provide each
3    defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172,
4    1176 (9th Cir. 1996).

5           Dismissal of a complaint under Rule 12(b)(6) may be based on "the lack of a
6    cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal
7    theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid
8    dismissal or the denial of a proposed amendment, a complaint or amended complaint must
9    contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic*
10   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of
11   the allegations in a complaint does not apply to legal conclusions or conclusory factual
12   allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009). "Threadbare recitals of the
13   elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.
14   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court
15   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.
16   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than
17   a sheer possibility that a defendant has acted unlawfully." *Id*. To show that the plaintiff is
18   entitled to relief, the complaint must permit the court to infer more than the mere possibility
19   of misconduct. *Id*.

20          To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
21   conduct about which he complains was committed by a person acting under the color of state
22   law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v.*
23   *Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional
24   claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
25   a particular defendant and he must allege an affirmative link between the injury and the
26   conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Further, there
27   is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor
28   of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.

1   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045

2   (9th Cir. 1989).

3          The Court notes that Plaintiff's amendment motion is procedurally improper because

4   he did not submit a copy of the proposed amended complaint as required by Local Rule of

5   Civil Procedure 15.1. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th

6   Cir. 2011) (holding the plaintiffs' motion to amend was procedurally improper because it was

7   made orally and they did not submit a copy of the proposed amended pleadings). Nonetheless,

8   the Court will consider the motion.

9          The United States Supreme Court has held that the liberal reading granted to *pro se*

10  pleadings does not extend to excusing the failure of *pro se* litigants to comply with clear

11  procedural requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993). To the contrary,

12  "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *King*

13  *v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and ignorance of Rule 4 does not constitute good

14  cause for untimely service. *Patel v. Dameron Hosp.*, 2000 WL 35619441, at *5 (E.D. Cal.

15  June 23, 2000) (citing *Townsel*, 820 F.2d at 320).

16  **VI. Discussion**

17         Plaintiff had an obligation to serve Defendant Clark within 120 days after the

18  complaint was filed. The Complaint was filed on November 22, 2011. (Doc. 1)  The Court has

19  relaxed this deadline to begin from the entry of the January 6, 2012 screening order and

20  continued it several times so that Plaintiff could effectuate service of process. The filing of

21  an amended complaint generally does not restart the 120-day service period. *See, e.g.,*

22  *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 2006); *Bolden v. City of Topeka,*

23  *Kansas*, 441 F.3d 1129, 1148 (10th Cir. 2006) (the 120-day period provided by Rule 4(m) is

24  not restarted by the filing of an amended complaint except as to those defendants newly added

25  in the amended complaint") (emphasis added).

26         The Court will deny Plaintiff's Motion for Sanctions. Neither the ADOC and the

27  AAGO are parties to the present action. Additionally, as set forth in the Court's prior orders,

28  it is ultimately Plaintiff's responsibility to provide Defendant Clark's proper address to the

1    United States Marshal Service in order to effectuate service. *Toscana v. Cambra*, 2003 WL
2    21432919, at *1 (N.D. Cal. June 10, 2003). The United States Supreme Court has made clear
3    that federal "judges have no obligation to act as counsel or paralegal to pro se litigants."
4    *Pliler v. Ford*, 542 U.S. 225, 231 (2004) As an impartial decisionmaker, it is not a federal
5    judge's role or responsibility to track down a defendant's address so a plaintiff may serve
6    process. This degree of involvement "would undermine [trial] judges' role as impartial
7    decisionmakers." *Id.* In this action, the Court has taken many steps to help facilitate Plaintiff's
8    efforts in attempting to serve Defendant Clark, including providing blank subpoenas. If
9    Plaintiff cannot provide the United States Marshal Service with an appropriate address to
10   serve Defendant Clark, the Court can do little more at this juncture. There being no evidence
11   that the non-parties have failed to comply with its orders, the Court will deny Plaintiff's
12   sanctions motion.

13          Putting aside for the moment that Plaintiff has not lodged a proposed amended
14   complaint required by LRCiv 15.1, Plaintiff's amendment motion does not cure the
15   deficiencies contained in Plaintiff's initial complaint against Charles Ryan and still fails to
16   state any plausible claim for relief against him. Plaintiff alleges "Charles Ryan must be
17   restored as a defendant, because he is the approving authority of Defendant's Clark's
18   retaliory (sic) actions. . . Charles Ryan was the top supervisor of Defendant Clark, who
19   finalized the violative (sic) acts, and who has final review." (Doc. 44 at 2) Neither these
20   allegations nor others in Plaintiff's amendment motion are insufficient to state a plausible
21   claim for relief against Charles Ryan, which was previously explained in the Court's January
22   6, 2012 screening order. *See* doc. 5 at 3-4. The Court finds that further amendment of
23   Plaintiff's complaint would be futile and, therefore, the Court will deny further leave to
24   amend. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix,
25   argumentative, and redundant amended complaint that did not comply with Rule 8(a)).

26          The Court will also deny Plaintiff's Application for Entry of Default because
27   Defendant Clark has not been properly served with process and a district court cannot
28   exercise personal jurisdiction over a defendant without proper service of process. *See Omni*

1    *Capital*, 484 U.S. at 104.

2           Finally, the Court will enter an order for Plaintiff to show cause in writing why

3    Defendant Clark should not be dismissed from this action for a failure to serve.  As explained

4    above, the 120-day period has long passed. After more than thirteen months from entry of the

5    Court's screening order, Plaintiff has not yet accomplished service of process on Defendant

6    Clark, despite many efforts by the Court to assist him. In view of the foregoing, the Court

7    orders Plaintiff to show cause on or before March 8, why this action should not be dismissed

8    for failure to serve pursuant to Fed.R.Civ.P. 4(m).

9           Accordingly,

10          **IT IS ORDERED** that Plaintiff's Motion for Sanctions, doc. 42; Plaintiff's Request

11   for Leave to Amend Pleading to Add a Defendant, doc. 44; and Plaintiff's Application for

12   Entry of Default, doc. 45, are **DENIED**.

13          **IT IS FURTHER ORDERED** that Plaintiff show cause in writing on or before

14   **Friday, March 8, 2013** why his claims against Defendant Clark and this action should not

15   be dismissed without prejudice for failure to serve process on Defendant Clark pursuant to

16   Fed.R.Civ.P. 4(m).

17          Dated this 21st day of February, 2013.

18

19

20                              Lawrence O. Anderson
                                United States Magistrate Judge

21

22

23

24

25

26

27

28

- 9 -